711 A.2d 293

DON P. FISHER, APPELLANT–RESPONDENT, v. NEW JERSEY
STATE PAROLE BOARD, RESPONDENT–APPELLANT.

ERIC GIBBONS, APPELLANT–RESPONDENT, v. SCOTT
FAUNCE, ADMINISTRATOR BAYSIDE STATE
PRISON, RESPONDENT–APPELLANT.

Argued April 28, 1998—Decided June 5, 1998.

*Dianne M. Moratti,* Deputy Attorney General, argued the cause
for appellant-respondent (*Peter Verniero,* Attorney General of
New Jersey, attorney; *Mary C. Jacobson,* Assistant Attorney
General, of counsel).

*Lawrence S. Lustberg* argued the cause for respondent-appellant (*Gibbons, Del Deo, Dolan, Griffinger & Vecchione,* attorneys;
*Mr. Lustberg* and *James E. Ryan,* on the briefs).

PER CURIAM.

The judgment is affirmed, substantially for the reasons expressed in Judge King's opinion of the Appellate Division, reported at 303 *N.J.Super.* 229, 696 *A.*2d 739 (1997).

*For Affirmance*—Chief Justice PORITZ, and Justices
HANDLER, POLLOCK, O'HERN, STEIN, and COLEMAN—6.

*For Reversal*—Justice GARIBALDI—1.

GARIBALDI, J., dissenting.

Substantially for the reasons expressed by the Appellate Division in *Fisher v. State Parole Bd.,* 303 *N.J.Super.* 229, 696 *A.*2d
739 (1997), the majority holds that the partial filing fee require-

ment of *N.J.S.A.* 30:4–16 does not apply to inmates' appeals from adverse agency determinations in parole and disciplinary matters. I disagree and find that the statute plainly and unambiguously includes appeals of administrative agency determinations.

I.

In 1996, the Legislature enacted the Inmate Litigation Act, *N.J.S.A.* 30:4–16.2 to –16.5. At issue is *N.J.S.A.* 30:4–16.3, which requires an inmate who "files an *action or proceeding in any court of this State* and requests a waiver of filing fees on the grounds of indigency" to pay a partial court filing fee in proportion to the funds available in the inmate's institutional account (emphasis added). The filing fee may be waived by the court upon a showing of exceptional circumstances. *N.J.S.A.* 30:4–16.3(b), (c).

*N.J.S.A.* 30:4–16.3 plainly and unambiguously includes appeals of administrative agency determinations. The Legislature, by choosing the expansive language "action and proceeding in any court of this State," clearly intended to cover all civil actions brought by inmates in the State. The term "action" includes "all the formal proceedings in a court of justice attendant upon the demand of a right by one person or another in such court, including an adjudication upon the right and its enforcement or denial by the court." *Black's Law Dictionary* 26 (5th ed.1979). Moreover, "proceeding" means "any application to a court of justice, however made, for aid in the enforcement of rights, for relief, for redress of injuries, for damages, or for any remedial object." *Id.* at 1083–84.

Despite the statute's plain language, the majority claims it is ambiguous. Consequently, the majority relies on legislative history that it asserts establishes that the Legislature intended only to require filing fees to deter inmates from filing frivolous civil lawsuits seeking money damages or injunctive relief against government entities and their agents. Underlying the majority's holding is a belief that actions regarding parole and disciplinary

matters are not frivolous. Such an assumption is unwarranted, as the facts in these cases disclose.

In the first case, plaintiff Fisher was sentenced in 1995 to a five-year prison term with a mandatory minimum of eighteen months for endangering the welfare of a child. After determining that there was a substantial likelihood that, if released, Fisher would commit another crime, the Parole Board denied him parole release and imposed a twenty-month future eligibility term. The Board affirmed its decision on reconsideration.

Fisher appealed the Parole Board's decision to the Appellate Division and filed motions to proceed as an indigent and for the assignment of counsel. The Appellate Division granted the motion to proceed as an indigent and denied the motion for counsel. Subsequently, the Appellate Division dismissed Fisher's appeal for failure to exhaust administrative remedies. If *N.J.S.A.* 30:4–16.3 were applied to Fisher, he would be required to pay $10.93 as a fee for filing his appeal with the Appellate Division. The regular fee for filing an appeal is $175.

In the second case presented to the Court, plaintiff Gibbons received an on-the-spot sanction by a corrections officer for yelling and kicking his cell door. The sanction was four hours of extra work. The next day, Gibbons received a disciplinary charge for threatening that officer with bodily harm, a violation of *N.J.A.C.* 10A:4–4.1(a). After a disciplinary hearing, the hearing officer concluded that there was substantial evidence to support the charge and imposed a sanction of fifteen days detention, 180 days administrative segregation, and 180 days loss of commutation time. Gibbons filed an administrative appeal, which was denied. He then filed an appeal to the Appellate Division with a motion to proceed as an indigent. The Appellate Division granted Gibbons's motion, but declined to apply *N.J.S.A.* 30:4–16.3 to the proceeding. Subsequently, the Appellate Division dismissed Gibbons's appeal for failure to prosecute. If Gibbons were required to pay a portion of the $175 filing fee, under *N.J.S.A.* 30:4–16.3, his finan-

cial obligation would be $21.08 (20% of the average deposits of $105.42).

I doubt that the Legislature intended to exclude from the partial filing fee requirement a dispute that arose from an inmate being disciplined for yelling and kicking his cell door. Indeed, the only proposition that the legislative history clearly supports is that the Legislature intended to deter frivolous litigation by inmates, including appeals to the Appellate Division from adverse agency determinations in parole and disciplinary matters.

## II.

*N.J.S.A.* 30:4–16.3 does not deny inmates the right to appeal. Instead, inmates, like other citizens, will be required to accept the fiscal responsibility for filing legal actions, including judicial review of adverse agency determinations. The partial filing fee to be paid is 20% of the greater of the average monthly balance in the inmate's account or the average deposits to the account. *N.J.S.A.* 30:4–16.3(a). "Inmates may spend the money in their fund accounts in a variety of ways, including purchasing goods from the inmate commissary and from outside sources such as catalogues, or depositing it into savings accounts outside of prison." *Fisher, supra,* 303 *N.J.Super.* at 234, 696 *A.*2d 739. I do not think it is a hardship for an inmate to use his funds to pursue an appeal. Other citizens have to make those decisions. However, unlike other citizens, inmates who request a waiver under *N.J.S.A.* 30:4–16.3 are only compelled to pay a portion of their inmate accounts to meet this obligation. *N.J.S.A.* 30:4–16.3 is consistent with the medical co-payment statute, *N.J.S.A.* 30:7E–1 to –6, which requires inmates to shoulder a minimal financial obligation for the choices they make.

## III.

The Legislature enacted the statute to compel inmates to shoulder some portion of the financial burden for civil actions they institute and to reduce the number of frivolous cases brought in

the courts by inmates. Affirming the judgment of the Appellate Division will cause irreparable harm and will frustrate the public interest. The records of the Attorney General show that 199 appeals from inmate disciplinary and parole decisions were filed in 1996. Inmates also file appeals from other administrative decisions, such as those affecting conditions of incarceration, the desire to have access to computers, and visitation. The number of cases that will be affected by the majority's holding highlights the importance of this decision.

To discourage the filing of frivolous actions, the Legislature intended that inmates should bear some of the costs of litigation. That requirement applies to all civil actions and proceedings, including appeals.

I would reverse the judgment of the Appellate Division.